NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2375
_____

PENNMONT SECURITIES;
JOSEPH D. CARAPICO,

Petitioners

v.

SECURITIES AND EXCHANGE COMMISSION,

Respondent
_____

On Petition for Review from an
Order of the Securities and Exchange Commission
(No. 3-13623)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 11, 2011

Before:  RENDELL, AMBRO and FISHER, *Circuit Judges*.

(Filed: February 24, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

PennMont Securities ("PennMont") and Joseph D. Carapico, general partner of

PennMont, petition for review of the Security and Exchange Commission's

("Commission") decision to dismiss their application for review of a disciplinary sanction imposed by the Philadelphia Stock Exchange ("PHLX"). For the foregoing reasons, we will deny the petition.

**I.**

We write for the parties, who are familiar with the factual context and legal history of this petition. Therefore, we will set forth only those facts necessary to our analysis.

PennMont is an equity trading firm and was a member of PHLX. On November 1, 2007, PHLX sought $925,612 in fees and expenses from PennMont in accordance with PHLX Rule 651. PHLX's bylaws provide that it is the "obligation of members . . . to abide by the provisions of the[] By-Laws and . . . rules . . . includ[ing], without limitation, the obligation to pay all applicable fees, dues and other charges." PHLX Bylaw Art. XIV, Sec. 14-1(c). If a member fails to make invoiced payments, PHLX is authorized to suspend a member's rights and privileges. PHLX Bylaw Art. XIV, Sec. 14-5. PHLX notified PennMont, Carapico, and the Commission of a final determination to suspend PennMont and Carapico for nonpayment, and after a hearing at which PennMont and Caprico failed to attend, PHLX suspended PennMont's and Carapico's membership. PHLX advised PennMont and Carapico that they could seek review by the Commission under 15 U.S.C. § 78s(d)(2) and 17 C.F.R. § 201.420.

PennMont instead initiated an action in federal district court to prevent PHLX's collection of the invoiced expenses. The District Court dismissed the case for failure to state a claim, and we held on appeal that the District Court lacked jurisdiction because

2

PennMont failed to exhaust its claim by seeking relief with the Commission. *PennMont Secs. v. Frucher*, 586 F.3d 242, 245 (3d Cir. 2009).

Only then did PennMont seek relief with the Commission. Under 15 U.S.C. § 78s(d)(2), PennMont and Carapico had thirty days to seek Commission review after receiving notice of final disciplinary action, but when they filed their Request to be Considered Out of Time, nearly twenty months had passed. When an application is untimely, the Commission grants review only upon a showing of extraordinary circumstances. 17 C.F.R. § 201.420(b). The Commission dismissed the action, holding that the application was untimely and that PennMont and Carapico failed to demonstrate extraordinary circumstances.

The Commission had jurisdiction to review PHLX's sanction under 15 U.S.C. § 78s(d)(2). We have jurisdiction under 15 U.S.C. § 78y(a)(1).

**II.**

PennMont and Carapico seek review of a Commission order dismissing their untimely application for review. Though PennMont and Carapico raise a host of issues, the only issue before us is whether the Commission abused its discretion in dismissing their application. We find that it did not.

PennMont and Carapico do not dispute that their application was untimely. They only dispute that the Commission erred in refusing to find extraordinary circumstances under 17 C.F.R. § 201.420(b) justifying consideration of their application out of time. Congress granted the Commission the authority to determine whether to extend the filing

3

deadline, 42 U.S.C. §78s(d)(2), and we exercise deference in determining what constitutes "extraordinary circumstances." We will reverse the decision to dismiss an untimely application only upon a finding that the Commission acted arbitrarily or capriciously or that it abused its discretion. *See In re Three Mile Island Alert, Inc.*, 771 F.2d 720, 727-28 (3d Cir. 1985) (holding that the Nuclear Regulatory Commission's decision not to reopen proceedings will be reversed only "upon a clear showing of abuse of discretion or of extraordinary circumstances" (internal citations omitted)).

The Commission found that PennMont and Carapico failed to show that circumstances beyond their control prevented a timely filing or that their application presented critical legal issues warranting review, and for this reason the Commission dismissed their application. PennMont and Carapico do not contest this determination. Instead, they ask us to review issues relating to the merits of their underlying claim. We decline to do so. The Commission appropriately determined that PennMont and Carapico failed to show that circumstances beyond their control prevented a timely filing or that their application presented critical issues. The Commission's decision to dismiss PennMont and Carapico's application for this reason was not an abuse of discretion.

### III.

For the foregoing reasons, we will deny PennMont and Carapico's petition.

4