16-934-ag
*Cerny v. SEC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of September, two thousand seventeen.

PRESENT:   DENNY CHIN,
                      SUSAN L. CARNEY,
                                           *Circuit Judges.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CHARLES M. CERNY, CLIFF BUXBAUM,
                                           *Petitioners*,

                                                                                      16-934-ag

                                   v.

U.S. SECURITIES AND EXCHANGE COMMISSION,
                                           *Respondent*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONERS:                         CHARLES M. CERNY, *pro se*, Brooklyn, New York, and Cliff Buxbaum, *pro se*, Thousand Oaks, California.

---

[*]       Because Judge Ralph K. Winter, originally assigned to this panel, recused himself from this case, the remaining two judges issue this order in accordance with Second Circuit Internal Operating Procedure E(b).

FOR RESPONDENT:                      STEPHEN G. YODER, Senior Litigation
                                     Counsel, Anne K. Small, General Counsel,
                                     Sanket J. Bulsara, Deputy General Counsel,
                                     Michael A. Conley, Solicitor, Catherine A.
                                     Broderick, Securities and Exchange
                                     Commission, Washington, D.C.

Appeal from a final order of the Securities and Exchange Commission.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the petition for review is **DENIED**.[1]

Petitioners Charles M. Cerny and Cliff Buxbaum, proceeding *pro se*, seek review of a March 14, 2016 final order of the Securities and Exchange Commission (the "Commission") denying as untimely their claims for whistleblower awards.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

After discovering a notice on the Commission's website advising of the case's resolution, a development that made them potentially eligible for whistleblower awards based on securities fraud judgments obtained by the Commission, petitioners filed claims with the Commission seeking such awards.  The notice listed the deadline to file a claim as June 3, 2012, and petitioners submitted separate claims in 2014.[2]  The Commission denied the claims, concluding that they were untimely and that petitioners

_____

[1]     Petitioners' motion to compel the Securities and Exchange Commission to complete the administrative record, and the motions of non-parties Denise Warren and Ahmed Amr for leave to file *pro se* amicus briefs in support of petitioners are also denied.

[2]     Buxbaum filed his March 30, 2014 claim on behalf of himself and three other individuals, including Cerny.  Cerny, who had not signed Buxbaum's claim, subsequently submitted his own claim on July 14, 2014.

had not demonstrated extraordinary circumstances warranting relief from the time bar. Petitioners timely petitioned for review.

We review the Commission's whistleblower award determinations "in accordance with section 706 of Title 5." 15 U.S.C. § 78u-6(f). Accordingly, we will set aside an agency action only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or if it is "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E). A whistleblower who wishes to apply for an award must submit an application within ninety days of the publication of a "Notice of Covered Action" on the Commission's website, "or the claim will be barred." 17 C.F.R. § 240.21F-10(a). Nevertheless, "the Commission may, in its sole discretion, waive any of the[] procedures [described in § 240.21F-10] based upon a showing of extraordinary circumstances." *Id.* § 240.21F-8(a).

Petitioners acknowledge that they failed to meet the deadline, but argue that the quality of the information they provided to the Commission and the Commission's alleged failure to properly catalogue petitioners' submissions constituted extraordinary circumstances warranting relief from the filing deadline. An agency's interpretation of its regulations, "regardless of the formality of the procedures used to formulate it, is 'controlling unless plainly erroneous or inconsistent with the regulation[s].'" *Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 78 (2d Cir. 2009) (alteration in original) (quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997)). The Commission has consistently interpreted "extraordinary circumstances" to require that a

3

claimant demonstrate "that the reason for the failure to timely file was beyond the claimant's control." Special App'x at 3; *see also Claim for Awards in Connection with Redacted & Redacted*, Exchange Act Release No. 72,659, 2014 WL 3613224, at *3 (July 23, 2014); *Claim for Awards in Connection with Redacted Notice of Covered Action Redacted*, Exchange Act Release No. 72,178, 2014 WL 1998521, at *2 (May 16, 2014); *cf. Application of PennMont Secs.*, Exchange Act Release No. 61,967, 2010 WL 1638720, at *4-5 (Apr. 23, 2010) (comparing "extraordinary circumstances" in another Commission rule to the doctrine of equitable tolling), *pet. denied*, 414 F. App'x 465 (3d Cir. 2011). Petitioners fail to demonstrate how the Commission's interpretation is plainly erroneous or inconsistent with the regulations. Accordingly, we conclude that the Commission's interpretation is controlling, *see Encarnacion*, 568 F.3d at 78, and, therefore, that the Commission did not abuse its discretion by determining that petitioners had not established extraordinary circumstances warranting relief from the claim filing deadline.

Petitioners also argue that the untimeliness of their applications should have been excused because they never received actual notice from the Commission of their potential eligibility for a whistleblower award. Under the relevant regulation, however, the Commission is not required to provide actual notice to potential claimants. It provides simply: "Whenever a Commission action results in monetary sanctions totaling more than $1,000,000, the Office of the Whistleblower will cause to be published on the Commission's Web site a 'Notice of Covered Action.'" 17 C.F.R.

4

§ 240.21F-10(a); *see also Securities Whistleblower Incentives and Protections*, 76 Fed. Reg. 34,300, 34,342-43 (June 13, 2011) (rejecting commenters' request that the Office of the Whistleblower be "required to contact whistleblowers directly to inform them [of] a covered action"). Accordingly, the Commission did not abuse its discretion by declining to excuse the untimeliness of petitioners' claims based on their failure to receive actual notice from the Commission. To the extent petitioners challenge the notice rule itself as arbitrary or capricious, adopting such a rule is within the scope of the Commission's discretion, 15 U.S.C. § 78u-6(j), and therefore lies beyond the scope of our current review.

We have considered petitioners' remaining arguments and conclude they are without merit. Accordingly, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5